UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KENYAN ROSHAD WARREN, | ) | | |
|---|---|---|---|
| Petitioner, | ) | | |
| v. | ) | No.: | 3:24-CV-487-TAV-DCP |
| TOM SPANGLER, | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Kenyan Roshad Warren, a pretrial detainee housed in the Knox County Detention Facility, is proceeding pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241 [Doc. 1], supplemented by a petition for removal under 28 U.S.C. §§ 1442a and 1443 [Doc. 3]. Petitioner has filed a motion seeking to proceed *in forma pauperis* in this action [Doc. 3] and a motion to correct Respondent's name [Doc. 9]. For the reasons articulated below, the Court will **GRANT** Petitioner's motion to correct Respondent's name [Doc. 9], **DENY** Petitioner's motion to proceed as a pauper [Doc. 3] as moot, and **DISMISS** this action without prejudice.

### I. PLAINTIFF'S MOTIONS

Petitioner is currently confined in the Knox County Detention Facility, which is controlled by Knox County Sheriff, Tom Spangler. *See* https://knoxsheriff.org/sheriff-spangler/ (last visited Jan. 7, 2025); *see also* Tenn. Code Ann. § 41-4-101. Accordingly, the Court **GRANTS** Petitioner's motion to correct Respondent's name [Doc. 9] and **DIRECTS** the Clerk to update the docket to reflect "Tom Spangler" as the correct

Respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); Rule 1(b) (applying "any or all of these rules" to other habeas petitions).

As Petitioner has paid the filing fee in this action, the Court **DENIES** his motion to proceed *in forma pauperis* as moot [Doc. 2].

## II. REVIEW OF PETITION

### A. Allegations

Petitioner, a disabled veteran and non-citizen national, is being held in the Knox County Detention Facility without bond to wait trial in the Knox County Criminal Court [*See, generally,* Doc. 1]. Petitioner maintains that his charges stem from a traffic accident [Doc. 3]. Specifically, Petitioner advises that he was driving to a "military inst[a]llation" in August when he struck two jay-walking pedestrians at a dark intersection in Knox County [*Id.* at 1–2]. One of the pedestrians died [*Id.* at 2]. Plaintiff was arrested for "vehicular homicide and vehicular assault, amo[]ng other charges" [*Id.*]. Petitioner maintains that the charges against him are invalid, that he has received ineffective assistance of counsel, and that he has been subjected to an illegal search and seizure, false imprisonment, excessive bails and bonds, cruel and unusual punishment, illegal detainment, "trademark [and] copyright infringement, [and] human trafficking" [Doc. 1, pp. 6, 8]. Petitioner requests removal of his criminal prosecution to federal court under 28 U.S.C. §§ 1442a and 1443, maintaining that he is a member of the United States Armed Forces who was acting "under color of status" and participating in interstate commerce at

2

Case 3:24-cv-00487-TAV-DCP   Document 12   Filed 02/12/25   Page 2 of 10   PageID #: 44

the time of the incident giving rise to his arrest [Doc. 3, pp. 2–3]. Petitioner asks the Court to release him on his own recognizance until the charges against him may be dismissed [Doc. 1, pp. 9–11; *see also* Doc. 8, pp. 8–9].

**B.     Analysis**

    **1.     Removal**

Petitioner seeks to remove his Knox County criminal prosecutions to federal court [*See* Doc. 3]. The removal of a State-court criminal prosecution is procedurally governed by 28 U.S.C. § 1455. One court has described the requirements for § 1455 as follows:

> A defendant seeking to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier. . . ." *Id.* at § 1455(b)(1). A notice of removal does not prevent the state court from proceeding with its case, *id.* at § 1455(b)(3), and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand," *id.* at § 1455(b)(4).

*Michigan v. Verellen,* No. 22-CV-11865, 2022 WL 15523531, at *2 (E.D. Mich. Oct. 27, 2022) (quoting *Thurmond v. Langford-Morris*, 2014 U.S. Dist. LEXIS 200268, at *4–5 (E.D. Mich. Aug. 14, 2014)).

Petitioner's petition for removal fails to comply with these requirements. It is apparent from Petitioner's allegations that this petition was not filed within 30 days of his arraignment, and it is not supported by a "copy of all process, pleadings, and orders served upon" Petitioner. Accordingly, it is clear from the face of the petition that removal should not be permitted. *See* 28 U.S.C. § 1455(b)(4).

3

Petitioner otherwise fails to satisfy the substantive requirements for removal of his State-court criminal proceedings to this Court. The party seeking to remove an action bears the burden of demonstrating the district court's jurisdiction. *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989); *see also McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) (holding party seeking to proceed in federal court bears burden of establishing federal subject-matter jurisdiction). Petitioner's petition for removal first relies upon 28 U.S.C. § 1442a, which applies to state criminal prosecutions against military personnel, and provides:

> A civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for the district where it is pending in the manner prescribed by law, and it shall thereupon be entered on the docket of the district court, which shall proceed as if the cause had been originally commenced therein and shall have full power to hear and determine the cause.

*Id.* To raise a "color of office or status" claim, a petitioner must demonstrate (1) "a causal connection between what the officer has done under asserted official authority" and the suit against him and (2) a federal defense. *See Mesa v. California*, 489 U.S. 121, 131 (1989) (analyzing 28 U.S.C. § 1442(a) and quoting *Maryland v. Soper* (No. 1), 270 U.S. 9, 33 (1926)); s*ee also Georgia v. Westlake*, 929 F. Supp. 1516, 1518–19 (M.D. Ga. 1996) (listing § 1442a cases borrowing the 28 U.S.C. § 1442(a) "color of office" analysis).

Petitioner fails to satisfy this test. Petitioner maintains both that he is a "100 [percent] total and perman[e]nt disabled veteran" [Doc. 8, p. 8] and that he was "on the

way to a military installation" the evening of the incidents giving rise to his arrest [*Compare* Doc. 1, p. 12 *with* Doc. 3, p. 2]. Even resolving these contradictory allegations in Petitioner's favor, he has not alleged sufficient facts to demonstrate that he was in the course of his official duties as a member of the United States Armed Forces at all relevant times to this lawsuit. *See Willingham v. Morgan*, 395 U.S. 402, 409 (1969). Additionally, Petitioner has not alleged a colorable federal defense to the State-law charges against him, and removal is inappropriate under § 1442a. *See North Carolina v. Ivory*, 906 F.2d 999, 1002 (4th Cir. 1990) ("[I]f every traffic violation involving a military driver could be removed to a federal forum, it would quickly transform these tribunals into local traffic courts.").

Second, Petitioner's request for removal cites 28 U.S.C. § 1443(1), which permits the removal of criminal prosecutions based on racial inequality in state-court criminal prosecutions. It provides that a criminal prosecution may be removed to federal court if the state action is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" To remove a case under § 1443(1), the partying seeking removal must satisfy a two-part test. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Specifically:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* [*Lay v. Michigan*, No. 22-CV-11095, 2022 WL 2168860, at *1 (E.D. Mich. June 16, 2022)] at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).
>
> *Id.* (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Id.* "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

*Ward v. Kentucky*, No. CV 3:17-CR-11, 2017 WL 956595, at *1–2 (W.D. Ky. Mar. 10, 2017). Petitioner has not shown that he is being subjected to racial inequality, or that he cannot enforce his specific federal rights in Tennessee courts. *See Johnson*, 421 U.S. at 219. And he does not allege a "formal expression of state law" that prohibits him from enforcing his rights in federal court. *Id.* Accordingly, the Court finds removal under § 1443 is not proper, and Petitioner's request to have his criminal proceedings removed to this Court will be denied.

    **2.**    **Habeas Relief**

Turning to Petitioner's federal habeas petition [Doc. 1], the Court notes that federal courts have the authority to issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). But that relief "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction

by a state court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (citation omitted). In fact, the instances permitting a pretrial detainee to challenge his prosecution prior to judgment are "rare" and "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). Courts have recognized an important distinction between a detainee who seeks to "abort a state proceeding or. . . disrupt the orderly functioning of state judicial processes" by litigating defenses to a prosecution prior to trial, and one who seeks merely to enforce the state's obligation to try him promptly. *Atkins v. Mich.*, 644 F.2d 543, 547 (6th Cir. 1981) (citing *Braden*, 410 U.S. at 491). Therefore, a pretrial detainee who files a habeas petition to prevent or interfere with a prosecution is seeking an objective not normally attainable through pre-trial habeas proceedings. *Id*.

Under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43–45, 53–54 (1971), a federal court must refrain from interfering in a state criminal case when (1) a state proceeding is ongoing; (2) an important state interest is involved; and (3) the party has an adequate opportunity to raise constitutional challenges in the state proceeding. *Id.*. In a supplemental filing, Petitioner argues that "*Younger* abstention is not appropriate in this case due to bad faith/vexatious prosecution, harassment, and patently unconstutional[] application of law[,]" and he maintains that application of the "*Dombrowski* doct[]rine is required" [Doc. 8, p. 4].

In *Dombrowski v. Pfister*, 380 U.S. 479 (1965), the Supreme Court held that a federal court's interference in state criminal prosecutions is appropriate where the threat of prosecution under state statutes violates the First Amendment. *Id.* at 489–90. But here, Petitioner does not set forth facts from which the Court could find that Petitioner's

7

prosecution is designed to discourage him from asserting his constitutional rights. Therefore, application of the doctrine set forth in *Dombrowski* is not appropriate. And Petitioner's criminal charges are pending; his state criminal proceedings involve important state interests, *see, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); and he may raise his defenses to the charges pending against him in that criminal matter. Therefore, *Younger* dictates abstention in this case.

Moreover, to the extent Petitioner alleges that his right to a speedy trial and/or bail present special circumstances permitting habeas review prior to the conclusion of his State criminal proceedings, *see Braden*, 410 U.S. at 493, the Court notes that Petitioner must "exhaust all available state court remedies before proceeding in federal court, and this usually requires that the[] [petitioner] appeal an adverse decision all the way to the state's court of last resort." *Phillips v. Court of Common Pleas*, 668 F.3d 804, 810 (6th Cir. 2012). This exhaustion doctrine "has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546. Here, Petitioner does not indicate that he has pursued relief past the Knox County Criminal Court [Doc. 1], and therefore, even if the Court could otherwise review his petition, it may not do so because Petitioner has not exhausted his available State-court remedies.[1] *See Phillips*, 668 F.3d at 810.

---

[1] Presentation of a federal claim to the Tennessee Court of Criminal Appeals is sufficient to exhaust a claim under Tennessee law. *See* Tenn. S. Ct. R. 39 ("[A] claim presented to the Court of Criminal Appeals shall be considered exhausted even when such claim is not reviewed in the Supreme Court on automatic review."); *see also Adams v. Holland*, 330 F.3d 398, 402 (6th Cir.

Finally, the Court notes at least one of Petitioner's allegations—that the conditions under which he is confined constitute cruel and unusual punishment—implicates the violation of his civil rights under 42 U.S.C. § 1983, and that statute, rather than § 2241, is the appropriate vehicle for such claims [*See* Docs 1, p. 6, Doc. 8, pp. 8–9]. However, pro se prisoner litigants proceeding *in forma pauperis* in § 1983 actions must either pay the $350.00 filing fee upfront or in installments. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997); 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full filing fee."). Therefore, the Court declines to automatically construe Petitioner's allegations under § 1983 in this proceeding. Instead, it advises Petitioner that if he desires to proceed against any allegedly responsible party in a § 1983 action, he will need to file a separate action and either pay the filing fee upfront or move to proceed as a pauper in that action. Accordingly, the Clerk will be directed to mail Petitioner a § 1983 form and the documents necessary to seek *in forma pauperis* status in a § 1983 action. Petitioner should fill those out and remit them to the Court **only** if he wishes to open a § 1983 action to pursue any civil rights violations.

## III. CONCLUSION

Above, the Court **DENIED** as moot Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 2] and **GRANTED** Petitioner's motion to correct Respondent's name [Doc. 9] and **DIRECTED** the Clerk to update the docket to reflect "Tom Spangler"

---

2003) ("Rule 39 clearly removed Tennessee Supreme Court review as an antecedent for habeas purposes.").

as the correct Respondent. And for the foregoing reasons, the instant petition, as supplemented, is **DISMISSED WITHOUT PREJUDICE**.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability from this decision is **DENIED**. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); s*ee also Greene v. Tenn. Dep't of Corrs*., 265 F.3d 369, 371 (6th Cir. 2001).

Additionally, it is **CERTIFIED** that any appeal from this decision would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

Finally, the Clerk is **DIRECTED** to mail Petitioner a § 1983 form and the documents necessary to seek *in forma pauperis* status, which Petitioner should fill out and remit **only** if he wishes to pursue a civil rights suit against the Knox County Detention Facility for any constitutional claims related to his treatment at that facility.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE